# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Roselise Claudia Gracia,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-26-01454-PHX-MTL (JZB)

**ORDER**

Petitioner brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that she is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is instead being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Petitioner seeks relief as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873.

The Court rejects Petitioner's argument that relief should be granted here simply because she is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). If Petitioner believes she is entitled to further relief under the judgment in *Bautista*, she should seek relief in the Central District of California.

Regardless, this Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1). *See*

*Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026). Under that same statute, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A).

Perhaps because the Petition relies so heavily on class certification in *Bautista*, it lacks necessary factual development. But the Petition does allege that Petitioner "entered the United States without inspection over 20 years ago and was not apprehended upon arrival" and that Petitioner "does not have lawful status in the United States." (Doc. 1 at 3.)

Based on this limited record, it appears that Petitioner is properly classified under § 1225(a). The Petition will be dismissed without prejudice to afford Petitioner an opportunity to replead.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus is **denied without prejudice**. The Clerk of Court must enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that the Emergency Motion or Request for Expedited Handling (Doc. 2) is **denied as moot**.

Dated this 4th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 2 -